IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION (COLUMBUS)

| | |
|---|---|
| MATTHEW D. HOOVER | CASE NO. 2:21-cv-4177 |
| Plaintiff, | |
| v. | |
| 4 SEASONS MOTORS INC. | **COMPLAINT** |
| (D/B/A NCC MOTOR SALE) | **WITH JURY DEMAND** |
| Defendant. | |

_____

Now comes Plaintiff Matthew D. Hoover ("Plaintiff") by and through his counsel for his Complaint against Defendant 4 Seasons Motors Inc. (d/b/a NCC Motor Sale) ("Defendant"), and states as follows:

**I.       INTRODUCTION AND PARTIES**

1. Plaintiff is an Indiana resident who resides at 357 Groveland St., Boone Grove, Indiana 46302.

2. Defendant is an Ohio for-profit company with its principal place of business located at 5240 Sinclair Rd., Columbus, Ohio 43229. Defendant is registered to do business in Ohio and regularly conducts business in Franklin County, Ohio. Defendant operated at all relevant times as a car dealership.

1

3. Plaintiff seeks to recover his damages (actual, statutory, treble, and punitive) and attorney's fees and costs associated with this action based on Defendant's violations of the Motor Vehicle Information and Cost Savings Act ("Federal Odometer Law"), 49 U.S. Code §§ 32701-11, the Ohio Odometer Rollback and Disclosure Act ("Ohio Odometer Law"), Ohio Revised Code §§ 4549.41-51, and Ohio common law.

4. As detailed throughout this Complaint, Defendant willfully violated the Federal and Ohio Odometer Laws and Ohio common law with intend to defraud Plaintiff.

## II. VENUE AND JURISDICTION

5. Venue is appropriate in this District Court under 28 U.S.C. § 1391(b) because (i) a substantial part of the events giving rise to Plaintiff's claims occurred in this District, and (ii) this is the District in which Defendant operates and is headquartered.

6. Defendant engaged in business in this District and engaged in tortious acts or omissions within this District, and has otherwise made or established contacts within this District sufficient to permit the exercise of personal jurisdiction.

7. Jurisdiction in this case is proper under 49 U.S.C § 32710, which grants the District Court jurisdiction to hear this action without regard to the amount in controversy.

8. The District Court also has supplemental jurisdiction over Plaintiff's Ohio state law claims against Defendant under 28 U.S.C. §1367.

## III. FACTUAL BACKGROUND

9. Defendant operates as a car dealership in the Columbus, Ohio area.

10. On April 17, 2021, Plaintiff purchased a 2011 Dodge Grand Caravan (the "Vehicle") from Defendant for $6,214.00 (including tax, title, and fees), Plaintiff paid the total amount to Defendant in cash, and the Vehicle was transferred to Plaintiff. Upon information

and belief, at the time of purchase, the Vehicle was less than ten (10) years old. Attached as Exhibit A is a true and accurate copy of the purchase contract.

11. As shown in the contract, Defendant represented the mileage on the vehicle to be 44,970 miles (as was shown on the vehicle's odometer at this time). At no time did Defendant: (a) provide Plaintiff with an odometer statement as required under federal and state law, or (b) ever disclose to Plaintiff the fact that the odometer on the Vehicle was not accurate.

12. Approximately one month after the purchase, in mid-May 2021, the Vehicle's transmission experienced a catastrophic failure and had to be replaced. Plaintiff took the Vehicle to auto mechanic who performed of scan of the vehicle's computer. The scan uncovered that the true mileage of the vehicle was 80,001 and that the vehicle's odometer had been rolled back. Attached as Exhibit B is a true and accurate copy of the scan report.

13. Upon learning of the rolled back odometer, Plaintiff immediately notified Defendant of this issue, but Defendant refused to repair/replace the transmission, rescind the transaction, or take any steps to remedy the situation.

14. At the time of purchase, Defendant refused to provide Plaintiff with the title to the Vehicle and stated he would send it to Plaintiff at a later date. Defendant provided no reasonable justification for its failure to provide Plaintiff with title to the Vehicle.

15. Upon information and belief, on or around June 2, 2021, Defendant obtained a new title for the Vehicle and sent it to Plaintiff. The new Vehicle title stated: "NON-ACTUAL WARNING: ODOMETER DISCREPANCY." Attached as Exhibit C is a true and accurate copy of the title for the Vehicle.

16. Given his transportation needs for the vehicle, Plaintiff was left with no other choice but to pay for a new transmission to be installed in the vehicle at a cost of around $5,000.00. Plaintiff also spent approximately $600.00 on rental vehicles while his vehicle was being repaired.

17. Plaintiff seeks to recover actual damages, statutory damages, treble damages, punitive damages, and his attorney's fees and costs associated with this action based on RPM's unlawful conduct.

### FIRST CLAIM FOR RELIEF
### UNLAWFUL TAMPERING WITH ODOMETER
**(Violations of 49 U.S.C. § 32703 and Ohio Rev. Code § 4549.42)**

18. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. The Federal Odometer Law and Ohio Odometer Law make it unlawful for any person to tamper with a vehicle's odometer. 49 U.S.C. § 32703; Ohio Rev. Code § 4549.42.

20. Defendant knowingly violated 49 U.S.C. § 32703 and Ohio Rev. Code § 4549.42 by tampering with the Vehicle's odometer with intend to change the mileage registered by the Vehicle's odometer with an intent to defraud Plaintiff.

21. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged in an amount to be determined by the Court.

### SECOND CLAIM FOR RELIEF
### FAILURE TO PROVIDE ODOMETER STATEMENT
**(Violations of 49 U.S.C. § 32705(a) and Ohio Rev. Code § 4549.46)**

22. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. The Federal Odometer Law and Ohio Odometer Law require Defendant to provide Plaintiff with an Odometer Statement that complies with the requirements of federal and state law. 49 U.S.C. § 32705(a); Ohio Rev. Code § 4549.46.

24. Defendant knowingly violated 49 U.S.C. § 32705(a) and Ohio Rev. Code § 4549.46 by failing to provide Plaintiff with an Odometer Statement.

25. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages in an amount to be determined by the Court.

### THIRD CLAIM FOR RELIEF
### MAKING FALSE STATEMENT
### (Violation of 49 U.S.C. § 32705(a))

26. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. The Federal Odometer Law prohibits Defendant from making any false statements with regard to the actual mileage of the Vehicle. 49 U.S.C. § 32705(a).

28. Defendant knowingly violated 49 U.S.C. § 32705(a) falsely stating the Vehicle's mileage was 44,970 at the time of purchase.

29. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages in an amount to be determined by the Court.

### FOURTH CLAIM FOR RELIEF
### MAKING FALSE STATEMENT
### (Violation of Ohio Revised Code § 4549.42)

30. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. The Ohio Odometer Law makes it unlawful for Defendant to transfer a motor vehicle if the person knows or recklessly disregards facts indicating that the odometer of the motor vehicle has been changed, tampered with, or disconnected, or has been in any other manner nonfunctional, to reflect a lesser mileage or use, unless that person gives clear and unequivocal notice of the tampering or nonfunction or of the person's reasonable belief of tampering or nonfunction, to the transferee in writing prior to the transfer.

32. Defendant knowingly violated Ohio Revised Code § 4549.45 unlawfully transferring the Vehicle to Plaintiff as outlined throughout this Complaint.

33. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages in an amount to be determined by the Court.

**FOURTH CLAIM FOR RELIEF**
**FRAUD**

34. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. The Defendant made materially false statements and omissions to Plaintiff regarding the mileage of the Vehicle.

36. The Defendant knew the false and misleading nature of its statements and omissions.

37. Defendant made representations and concealments of material facts to Plaintiff for monetary gain. The representations or concealments by Defendant were material and were made with the intent to mislead and defraud Plaintiff.

38. Defendant intended or expected Plaintiff to rely upon the representations or concealments resulting in Individual Plaintiffs and putative Class Members receiving medical bills they otherwise would not have received from Dr. Christman.

39. Plaintiff had the right to rely on and did rely on the false statements and omissions of Defendant.

40. Defendant knew the false and misleading nature of its statements and omissions.

41. Defendant's complete and utter indifference of its obligations under Ohio law reveals a conscious disregard of the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct, calling for an assessment of punitive damages against Defendant.

42. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages in an amount to be determined by the Court.

## FOURTH CLAIM FOR RELIEF
## BREACH OF CONTRACT

43. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44. Defendant had a duty of the parties' contract to provide Plaintiff with a vehicle that had mileage of 44,970.

45. Defendant materially breached this duty as outlined throughout this Complaint by failing the to provide Plaintiff with a vehicle that had mileage of 44,970.

46. Defendant's breach of contract was the proximate and direct cause of Plaintiff's damages.

47. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages in an amount to be determined by the Court.

WHEREFORE, Plaintiff asks this Court to enter judgment in his favor as follows:

A. Award Plaintiff actual, statutory, treble and punitive damages in in an amount to be determined at trial;

B. Award Plaintiff his attorneys' fees and costs;

C. Award Plaintiff pre-judgment and post-judgment interest; and

D. Award Plaintiff such other and further relief as this Court deems necessary.

Respectfully submitted,

/s/ *Adam V. Sadlowski*
Adam V. Sadlowski, Trial Attorney (0079582)
SADLOWSKI LAW LLC
11427 Reed Hartman Highway, Suite 210
Blue Ash, Ohio 45241
Tel: (513) 618-6595
Fax: (513) 618-6442
asadlowski@sb-lawyers.com

Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all triable issues.

/s/ *Adam V. Sadlowski*
Adam V. Sadlowski