UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MATTHEW HOOVER,**

    **Plaintiff,**

  v.

**4 SEASONS MOTORS INC., et al.,**

    **Defendants.**

Case No. 2:21-cv-4177
**JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Elizabeth Preston Deavers

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Default Judgment (ECF No. 14). The time for filing a response has passed and Defendants have not responded. For the following reasons, the Court **GRANTS** this motion.

**I. BACKGROUND**

Matthew D. Hoover filed this action on September 15, 2021, against Samer Pharra and his company, 4 Seasons Motors, Inc. (d/b/a NCC Motor Sale) (collectively, "Defendants"). Hoover alleges that Defendants tampered with a vehicle's odometer and knowingly sold him the vehicle with a false odometer reading in violation of the federal Motor Vehicle Information and Cost Savings Act, the Ohio Odometer Rollback and Disclosure Act and Ohio common law. (*See generally* Am. Compl., ECF No. 2.)

According to the Amended Complaint, Hoover purchased a vehicle from the Defendants for $6,214.00 on April 17, 2021. (*Id.* ¶ 11; Vehicle Purchase Contract, ECF No. 2-1, Ex. A.) The vehicle's odometer stated 44,970 miles. (*Id.* ¶ 12.) Defendants did not give Hoover an odometer statement or disclose that the odometer on the vehicle was inaccurate. (*Id.*) Defendants also did not provide Hoover with a title to the vehicle. (*Id.* ¶ 15.)

1

One month after the purchase, in May 2021, the vehicle's transmission failed and Hoover had to replace it. (*Id.* ¶ 13.) The mechanic replacing the transmission performed a scan of the vehicle's computer and discovered that the mileage was rolled back and the vehicle's true mileage was 80,001 miles. (*Id.*; Inspection Report, ECF No. 2-1, Ex. B.) Hoover notified Defendant Pharra of the discrepancy. Pharra allegedly refused to repair or replace the transmission, rescind the transaction, or take any other steps to remedy the situation. (*Id.* ¶ 14.) On or around June 2, 2021, Pharra obtained a new title for the vehicle and sent it to Hoover. (*Id.* ¶ 16.) The vehicle title stated: "NON-ACTUAL WARNING: ODOMETER DISCREPANCY." (*Id.*; Vehicle Title, ECF No. 2-1, Ex. C.) Hoover alleges that he spent $5,000 to install a new transmission and $600.00 on rental vehicles while the transmission was fixed. (*Id.* ¶ 17.)

Count One of the First Amended Complaint seeks relief for unlawful tampering with an odometer under 49 U.S.C. § 32703 (the "Federal Odometer Law") and Ohio Rev. Code § 4549.42 (the "Ohio Odometer Law"). (*Id.* ¶¶ 20–22.) Count Two seeks relief for the failure to provide the odometer statement under 49 U.S.C § 32705(a) and Ohio Rev. Code § 4549.46. (*Id.* ¶¶ 24–26.) Count Three also seeks relief under the Federal Odometer Law § 32705(a) for making false statements regarding the actual mileage of the vehicle. (*Id.* ¶¶ 28–30.) Count Four seeks relief under the Ohio Odometer Law for transferring a vehicle if the person knowingly, or recklessly, disregards facts indicating that the odometer of the vehicle had been changed. (*Id.* ¶¶ 32–34.) Count Five seeks relief under Ohio common law for fraud, alleging that the Defendant knowingly made materially false statements and omission to the Plaintiff regarding the mileage of the vehicle with the intent that the Plaintiff would rely on these false statements and that the Defendant would gain monetarily based on this reliance. (*Id.* ¶¶ 36–43.) Count Six is a breach of contract claim

under Ohio law. (*Id.* ¶¶ 44–48.) Hoover seeks actual damages, statutory damages, punitive damages, and attorney fees and costs.

Plaintiff applied for an entry of default on February 8, 2022. (ECF No. 12.) The Clerk issued an Entry of Default on February 11, 2022. Plaintiff subsequently filed the instant motion for Default Judgment. (ECF No. 14.) He asks the Court to grant default judgment against Defendants and set a hearing date or briefing schedule to determine damages. (ECF No. 14 at 1.)

## II.  DEFAULT JUDGMENT STANDARD

Federal Rule of Civil Procedure 55 "contemplates a two-step process in obtaining a default judgment against a defendant who has failed to plead or otherwise defend." *Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-cv-535, 2016 WL 4007092, at *2 (S.D. Ohio July 26, 2016). A plaintiff must first request an entry of default from the Clerk of Courts. Fed. R. Civ. P. 55(a). Upon the Clerk's entry of default, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015) (quoting *Broad, Music, Inc. v. Pub Dayton, LLC*, No. 3:11-cv-58, 2011 WL 2118228, at *2 (S.D. Ohio May 27, 2011)).

If the plaintiff's claims are not for "a sum certain or a sum that can be made certain by computation," the plaintiff must then apply to the Court for a default judgment. Fed. R. Civ. P. 55(b). "Thus, while liability may be shown by well-pleaded allegations, the district court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *DT Fashion LLC*, 2018 WL 542268, at *2 (quoting *Parker-Billingsley*, 2015 WL 4539843, at *1). A court may determine damages without holding an evidentiary hearing if the damages are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed

3

affidavits." *Parker-Billingsley*, 2015 WL 4539843, at *1.

Plaintiff Hoover obtained an entry of default and the claims are not for a sum certain. (ECF No. 13.) Thus, the Court accepts as true the Amended Complaint's factual allegations and will analyze whether the factual allegations establish liability under each of Plaintiff's claims.

### A. Count One: Unlawful Tampering with an Odometer

Federal odometer law states that "a person may not…disconnect, reset, alter, or have disconnected, rest or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer." 49 U.S.C. § 32703(2). Similarly, Ohio law states, "[n]o person shall adjust, alter, change, tamper with, advance, set back, disconnect, or fail to connect, an odometer of a motor vehicle, or cause any of the foregoing to occur to an odometer of a motor vehicle with the intent to alter the number of miles registered on the odometer." O.R.C. § 4549.42(A).

The Amended Complaint alleges that Defendants altered the vehicle's odometer from the vehicle's actual mileage of 80,001 to display the lower, and inaccurate, mileage of 44,970. (Am. Compl. ¶¶ 12–13.) Hoover alleges "Defendant knowingly violated 49 U.S.C § 32703 and Ohio Rev. Code § 4549.42 by tampering with the Vehicle's odometer with inten[t] to change the mileage registered by the Vehicle's odometer with an intent to defraud Plaintiff." (*Id.* ¶ 21.) Taking these as true, Plaintiff sufficiently alleges that the Defendants altered the odometer with the intent to change the number of miles on the odometer in violation of federal and Ohio law. Plaintiff is entitled to default judgment on Count One of the Amended Complaint.

### B. Count Two: Failure to Provide an Odometer Statement

Federal odometer law requires "a person transferring ownership of a motor vehicle [to] give the transferee…[d]isclosure of the cumulative mileage registered on the odometer [or]… [d]isclosure that the actual mileage is unknown, if the transferor knows that the odometer reading

4

is different from the number of miles that the vehicle has actually traveled." 49 U.S.C. § 32705(a). Under Ohio Odometer Law, "no transferor shall fail to provide the true and complete odometer disclosures required by section 4505.06 of the Revised Code." O.R.C. § 4549.46(A). In turn, section 4505.06(C)(1) requires the transferor to provide an odometer disclosure affidavit in which the seller "shall swear to the true selling price and…the true odometer reading of the motor vehicle." In his Amended Complaint, Hoover alleges that "Defendants…fail[ed] to provide Plaintiff with an Odometer Statement." (*Id.* ¶ 25.) Thus, the Amended Complaint sufficiently alleges that Defendants violated 49 U.S.C. § 32705(a), and O.R.C. § 4549.46 for failing to provide an odometer statement. Plaintiff is entitled to default judgment on Count Two.

### C. Count Three: False Statements Regarding Vehicle Mileage

In the alternative, Plaintiff pleads that if he was given an odometer statement, it was a false mileage. Under 49 U.S.C. § 32705(a)(2), "a person transferring ownership of a vehicle may not…give a false statement to the transferee in making the [odometer] disclosure…" Here, Plaintiff alleges that "Defendants…falsely stat[ed] the Vehicle's mileage was 44,970 at the time of purchase" and the actual mileage was 80,001. (*Id.* ¶ 29.) Taken as true, these allegations suggest Defendants violated § 32705(a)(2). The Court grants default judgment for this claim.

### D. Count Four: Transfer of a Vehicle with Knowledge of Odometer Discrepancy

Next, Plaintiff alleges that Defendants sold him the vehicle despite knowing the odometer had been changed or tampered with. The Amended Complaint asserts the claim under Ohio Rev. Code § 4549.42 but that section applies only to auctioneers. The correct section is 4549.45(1), which states, "[n]o person shall transfer a motor vehicle if the person knows or recklessly disregards facts indicating that the odometer of the motor vehicle has been changed, tampered with, or disconnected, or has been in any other manner nonfunctional, to reflect a lesser mileage

5

or use, unless that person gives clear and unequivocal notice of the tampering or nonfunction or of the person's reasonable belief of tampering or nonfunction, to the transferee in writing prior to the transfer." § 4549.45(1). Plaintiff's allegations that Defendants sold him the vehicle but knew that the odometer reading was incorrect are sufficient to allege a claim under O.R.C. § 4549.45(1). The Court grants default judgment on Count Four of the Amended Complaint.

### E. Count Five: Ohio Common Law Fraud

The elements of common law fraud in Ohio are as follows:

(1) A representation or when there is a duty to disclose, a concealment or fact; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance on the representation (by the other party); and (6) an injury proximately caused by that reliance.

*Stuckey v. Online Resources Corp.*, 909 F. Supp. 2d 912, 940–41 (S.D. Ohio 2012).

The First Amended Complaint alleges each of these elements. As to the first and second elements, "[t]he Defendant Pharra (both individually and on behalf of Defendant NCC Motor Sale) made materially false statements and omissions to Plaintiff regarding the mileage of the vehicle." (Am. Compl. ¶ 36.) As to the third element, the "Defendants knew the false and misleading nature of its statements and omissions." (*Id.* ¶ 37.) As to the fourth element, "Defendants intended or expected Plaintiff to rely upon the representations or concealments." (*Id.* ¶ 39.) As to the fifth element, "Plaintiff had the right to rely on and did rely on the false statements and omission of the Defendants." (*Id.* ¶ 40.) Finally, the Amended Complaint alleges that "as a direct and proximate result of Defendant's conduct, Plaintiff suffered damages in an amount to be determined by the Court." (*Id.* ¶ 43.) Thus, Plaintiff adequately plead Ohio common law fraud and is entitled to default judgment on this claim.

### F. Ohio Common Law Breach of Contract

Lastly, the Court finds that the First Amended Complaint maintains the Defendants' liability for breach of contract. A plaintiff must allege the following four elements to plead an Ohio breach of contract claim: "(1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff as a result of the breach." *V & M Star Steel v. Centimark Corp.*, 678 F.3d 459, 465 (6th Cir. 2012) (quoting *Savedoff v. Access Grp., Inc.*, 524 F.3d 754, 762 (6th Cir. 2008)).

The Amended Complaint alleges that "Defendant NCC Motor Sale had a duty of the parties' contract to provide a vehicle that had mileage of 44,970." (Am. Compl. ¶ 45.) "Defendant NCC Motor Sale materially breached this duty as outlined throughout [the] Complaint by failing to provide Plaintiff with a vehicle that had mileage of 44,970." (*Id.* ¶ 46.) Plaintiff performed his obligations under the contract by paying the agreed price of $6,214.00. (*Id.* ¶ 11.) "Defendant NCC Motor Sale's breach of contract was the proximate and direct cause of the Plaintiff's damages." (*Id.* ¶ 47.) Thus, Plaintiff alleges the four elements of breach of contract claim in Ohio and is entitled to default judgment on this claim.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Default Judgment (ECF No. 14). The Court will hold a hearing on September 14, 2022, at 1:30 p.m. to determine Plaintiff's damages pursuant to Federal Rule of Civil Procedure 55(b)(2).

**IT IS SO ORDERED.**

**7/21/2022**  **s/Edmund A. Sargus, Jr.**
**DATE**  **EDMUND A. SARGUS, JR.**
  **UNITED STATES DISTRICT JUDGE**