UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MATTHEW HOOVER,

      Plaintiff,

v.

4 SEASONS MOTORS INC., et al.,

      Defendants.

Case No. 2:21-cv-4177
JUDGE EDMUND A. SARGUS, JR.
Chief Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Plaintiff Matthew Hoover has obtained default judgment on an assortment of federal- and state-law claims, all of which arise from a car purchase he made from Defendant 4 Seasons Motors, Inc., and its owner, Sameer Pharra (collectively, "Defendants"). (Op. & Order, ECF No. 16.) In essence, Mr. Hoover alleges that Defendants "rolled back" the odometer of a van they sold to him in April 2021; that he notified Defendant Pharra of this apparent "tampering" after the van's transmission failed; and that Mr. Pharra "refused to repair" or "replace the transmission, rescind the transaction, or take any steps to remedy the situation" after that point. (Compl., ECF No. 1 at ¶¶ 10-14.)

On September 14, 2022, the Undersigned conducted a hearing to determine the amount of damages to award Mr. Hoover in light of his successful motion for default judgment. Therein, Mr. Hoover (1) requested treble compensatory damages in the amount of $32,971.98; (2) presented oral testimony and several exhibits in support thereof; and (3) requested leave to file a fee application.

1

Within the hearing, Mr. Hoover averred, among other things, that he initially purchased the van at issue for $6,214, and, ultimately, (1) paid an additional $6,000 to replace the van's engine after its second transmission failure, and (2) took out a loan (that he took because he had used up his saving to buy the van and which he has since paid off) of $4,700.66 to afford the van's repair costs.  So too, Mr. Hoover noted, he was forced to pay roughly $600 in rental car costs while his van was being fixed.  All told, Mr. Hoover claims to have spent roughly $14,000 on the van, which, due to its unexpectedly worn-out condition, he does not believe he can resell.[1]

Based on that testimony, and in full view the record, the Undersigned **RECOMMENDS** that Plaintiff recover as follows from Defendants 4 Seasons Motors Inc. (d/b/a NCC Motor Sale) and Samer Pharra:

$ 6,214.00 Sales Price (Exhibit 1 – Sales Contract)
$ 4,776.66 Repair Costs (Exhibit 4 – Installment Loan Agreement)
$10,990.66 Sub-Total Damages

$10,990 x 3 (Trebling Under 49 U.S.C. § 32710(a) and Ohio Rev. Code § 4549.49)

**TOTAL DAMAGES:  $32,971.98**

It is further **RECOMMENDED** that Plaintiff recover his attorney's fees under 49 U.S.C. § 32710(b) and Ohio Rev. Code § 4549.49 and that he file a fee application within **TWENTY-ONE (21) DAYS** of any Order adopting this Report and Recommendation.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] Mr. Hoover seeks only to recover the sales price for the van and the repair costs.

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**September 15, 2022**                               **s/ *Elizabeth A. Preston Deavers***
**DATE**                                                     **ELIZABETH A. PRESTON DEAVERS**
                                                                      **UNITED STATES MAGISTRATE JUDGE**